# United States Court of Appeals
## for the Fifth Circuit

———————————

No. 23-40693

CONSOLIDATED WITH

No. 23-40694

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ORLANDO ANDRES GARCIA,

*Defendant—Appellant*.

———————————————————————

Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. 7:21-CR-2447-3,
7:21-CR-2446-4

———————————————————————

Before BARKSDALE, STEWART, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Orlando Andres Garcia challenges his within-Guidelines 151-months' sentence, imposed following his guilty-plea conviction for conspiracy to transport undocumented aliens within the United States, resulting in death, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) (transporting aliens), (v)(I)

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

(conspiracy), (B)(iv) (resulting in death). He asserts the evidence is insufficient to support the four-level leadership-role enhancement under Sentencing Guideline § 3B1.1(a) (quoted *infra*).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Guidelines provide for a four-level enhancement to defendant's base offense level "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive". U.S.S.G. § 3B1.1(a). Whether a defendant occupied a role as an organizer or leader is a factual finding, reviewed for clear error. *United States v. Ochoa-Gomez*, 777 F.3d 278, 281 (5th Cir. 2015). "A factual finding that is plausible based on the record as a whole is not clearly erroneous." *Id.* at 282.

Consistent with the preponderance-of-the-evidence standard applied at sentencing in making findings of fact, *United States v. Alaniz*, 726 F.3d 586, 618–19 (5th Cir. 2013), district courts may consider any evidence bearing a "sufficient indicia of reliability to support its probable accuracy", and such evidence generally includes presentence investigation reports (PSR). *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (citations omitted). Accordingly, "[t]he district court may adopt the facts contained in a [PSR] without further inquiry if those facts have an adequate evidentiary basis with

sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable". *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007).

Garcia maintains he was merely a scout for the alien-smuggling operation, rather than an organizer or leader with decision-making authority. He contends the enhancement was neither supported by facts in the PSR nor by additional facts presented at his sentencing hearing.

A codefendant's statements included in the PSR, however, shows Garcia was the organizer or leader of an extensive alien-smuggling organization. Garcia, *inter alia*, hired one codefendant as an assistant brush guide, served as the point-of-contact in five prior alien-smuggling operations, and instructed the driver of the vehicle involved in the deadly crash underlying this case to speed up after an attempted traffic stop by a police officer; the officer followed the vehicle prior to its crash and the resulting deaths. *See* § 3B1.1 cmt. n.4 (outlining leadership-role enhancement factors). Further, the district court noted that individuals in leadership positions often take on scouting roles to minimize their own risk.

To the extent Garcia challenges the reliability of his codefendant's statements provided in the PSR regarding Garcia's involvement, this contention is unavailing as he did not present rebuttal evidence or otherwise demonstrate the information in the PSR was unreliable. *See Trujillo*, 502 F.3d at 357. The district court did not clearly err in applying the four-level enhancement.

AFFIRMED.

3